UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. ESTATE OF WILLIAM ARTEMUS,<br><br>Plaintiff,<br><br>v.<br><br>JIM YAN LOUIE, et al.,<br><br>Defendants. | Case No.  23-cv-03950-LJC<br><br>**ORDER TO SHOW CAUSE WHY PRIOR FILINGS SHOULD NOT BE UNSEALED**<br><br>Re: Dkt. No. 12 |

In order to allow this False Claims Act case to proceed, the Court previously endorsed the proposed order accompanying the United States' decision to decline intervention, which called unsealing all future filings but only two documents filed prior to the date of that order: Relator's Complaint and the United States' Notice of Election to Decline Intervention.  ECF No. 12 at 4.  The United States asserted, without citation to authority, that all other preexisting filings should remain under seal "because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." *Id.* at 2.

In order to overcome the public's right of access to judicial proceedings, a party seeking to seal documents only tangentially related to the merits of a case must generally show "good cause" for sealing.[1]  *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006) (recognizing that even where the "good cause" standard applies, a party seeking sealing must

---

[1] Documents that are more than tangentially related to the merits of a case generally require a showing of "compelling reasons" to seal.

overcome the presumption of public access); Civ. L.R. 79-5.  It is not facially apparent that any document previously filed in this case reveals confidential information about a government investigation that would cause any harm if disclosed.  At least some such documents plainly do not include confidential government information, like Relator's application to proceed in forma pauperis (ECF No. 2) and the Court's order granting that application (ECF No. 7).

The United States is therefore ORDERED TO SHOW CAUSE why all previous filings in this case should not be unsealed.  The United States shall file a response to this order no later than February 26, 2024 either: (1) setting forth particularized reasons why good cause exists to seal each document the United States believes should remain under seal; or (2) citing legal authority for continued sealing without need for a factual showing of good cause.

**IT IS SO ORDERED.**

Dated: February 13, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge