UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM YAN LOUIE, et al.,<br><br>Defendants. | Case No. 23-cv-03950-LJC<br><br>**ORDER REGARDING MEDIATION AND DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 45 |
|---|---|

At the July 11, 2024 case management conference, the Court instructed the parties to file a status report no later than September 9, 2024 "regarding their settlement efforts, and whether they wish to request a referral to the Court's mediation program." ECF No. 39.  The parties filed a timely status report but did not address whether they sought referral for mediation.  ECF No. 43.  On September 23, 2024, the Court ordered the parties to file another status report addressing that issue "no later than September 30, 2024."  ECF No. 44.  On October 9, 2024, the parties belatedly filed a status report indicating that they "would like a referral to the Court's mediation program but do not expect to be ready to mediate before the end of this year," because they anticipate needing discovery to facilitate productive mediation.  ECF No. 45 at 2.  The deadline to file dispositive motions is February 18, 2025.  ECF No. 40.  The case is therefore REFERRED to the Court's mediation panel for mediation to occur no later than February 4, 2025.

This qui tam case concerns allegations that Defendants wrongfully received and retained housing subsidy payments to which they were not entitled.  The parties' latest status report indicates that they have been unable to resolve a dispute about Relator's intended subpoena to Defendants' bank for statements at the time of the payments in question, which Relator seeks to evaluate the credibility of Defendants assertion that they did not realize they had received those payments.

The issue is not yet properly before the Court, but the Court provides the following *tentative* guidance to assist the parties' discussions: (1) Evidence of other transactions around the time of the payments in question might be relevant to evaluating the credibility of Defendants' position that they did not notice them; (2) redacted versions of bank statements (omitting account numbers, as well as details regarding other transactions except for their dates and amounts) might appropriate to protect Defendants' privacy; and (3) if Defendants have access to the statements in question, party discovery might be a more appropriate mechanism for Relator to seek those statements than a subpoena to Defendants' bank, particular if redactions will need to be applied. This guidance lacks the benefit of briefing and should not be construed as deciding any disputed issue.

The parties are ORDERED to meet and confer as to whether they can reach a resolution of Relator's desire to discover financial statements.  No later than October 24, 2024,[1] the parties shall file either a stipulation indicating that the issue is resolved, or a joint letter consistent with section F.5 of the Standing Order for Magistrate Judge Lisa J. Cisneros raising the issue for resolution by the Court.  The Court is open to reconsidering any aspect of its tentative guidance based on the parties' arguments in a joint letter.

**IT IS SO ORDERED.**

Dated:  October 10, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[1] If no filing is received by this deadline, the Court will presume that Relator has withdrawn the request and waived any argument for this discovery.

2