UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JIM YAN LOUIE, et al.,<br><br>    Defendants. | Case No. 23-cv-03950-LJC<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE**<br><br>Re: Dkt. Nos. 47, 48 |

## I.  INTRODUCTION

After the parties indicated that they disputed whether Relator (the estate of William Artemus) should be permitted to discover Defendants Jim Yan Louie and Christine Nian Louie's bank statements, the Court provided tentative guidance as to that issue and ordered the parties to meet and confer and file either a stipulation or a joint letter brief no later than October 24, 2024. ECF No. 46. Defense counsel filed a purportedly joint letter on October 25, 2024. ECF No. 47. Plaintiff's counsel now asserts that the letter was filed without his permission. ECF No. 48. As discussed below, defense counsel is ORDERED TO SHOW CAUSE why sanctions should not issue for misrepresenting the nature of the letter filed on October 25, 2024. Counsel for both parties shall appear in person for hearing in Courtroom G at 10:30 AM on November 5, 2024 for a hearing on this Order to Show Cause and the underlying discovery dispute.

## II.  BACKGROUND

On October 25, 2024, defense counsel David Semel filed a letter addressing the dispute, captioned in the subject line as a "Joint Discovery Letter Brief." ECF No. 47. The first sentence of the letter reads as follows:

> Relator, Estate of William Artemus and Defendants Jim Yan Louie
> and Christine Nian Louie respectfully, jointly submit this letter brief
> pursuant to your Honor's October 10, 2024 order as parties have been

unable to agree about the appropriate scope of Relator's subpoena for Defendant's bank records.

*Id.* at 1.

That letter appears on Plaintiff's counsel Jason Hain's letterhead, includes sections setting forth both sides' positions, asserts that "the parties" request the court's resolution of the issue, and includes both attorney's names and titles below the closing phrase "respectfully submitted," although only defense counsel's signature appears above his name. *See generally id.* The electronic docket entry on the Court's ECF filing system—which is often automatically generated, and thus not always reliable—reads: "Letter Brief filed byChristine [sic] Nian Louie. (Semel, David) (filed on 10/25/2024)."

On October 29, 2024, Plaintiff's counsel Hain filed a separate letter (dated October 25, 2024) asserting that "Defendants filed a 'joint letter brief' today [sic] without [Hain's] signature or approval." ECF No. 48 at 1. Hain's separate letter goes on to provide information that he had wanted to include in the joint letter, specifically, that Defendants "contend they did not notice the subsidy payments" at issue in this False Claims Act case—a position that Defendants have taken at some points in the case, but have since deemphasized in favor of an argument that they submitted no false claim for payment. *Id.*; *see* ECF No. 47 at 2–3 (arguing that no false claim was submitted); ECF No. 45 at 2 (joint status report referencing "Defendants' claims that such deposits went unnoticed"); ECF No. 38 at 6 (Answer, asserting as an affirmative defense that "Defendants did not knowingly, intentionally, or recklessly request *or receive* any of the payments made from September 2017 through September 2018" (emphasis added)).

Hain's letter attaches email correspondence between Semel and Hain. ECF No. 48 at 4–13. On October 8, 2024, Semel apparently sent Hain a draft of a joint status report with "[c]hanges tracked as requested." *Id.* at 12–13. Later that day, Hain responded with approval to file the status report with his signature, thanking Semel for agreeing to produce redacted bank records but asserting that Relator would still seek transaction values and account balances. *Id.* at 11–12; *see also* ECF No. 45 (joint status report, filed by Semel). The next day, Semel asked Hain why that information was relevant. ECF No. 48 at 11. Hain responded that the payments at issue would be more noticeable if the account had a low balance than if it had a high balance, and asked

2

Semel if he disagreed. *Id.* at 10–11. Two weeks later, on October 23, 2024, Semel responded that he believed transactions would be more relevant than account balances, which "could lead to unjustified settlement pressure if the balance is substantial," and asked Hain if he was preparing the joint letter due the next day. *Id.* at 10. Hain responded late that night with a draft, leaving space for Semel to include Defendants' position, and asked Semel to track any changes to other portions of the letter. *Id.* at 9.

Semel sent Hain a draft at 2:15 PM on October 24, 2024. *Id.* at 8. Hain responded at 5:49 PM, asking if Defendants were "admitting that they noticed the payments." *Id.* Semel responded at 8:59 PM that the "defenses are in the Answer," and asked if Hain filed the letter that day as required. *Id.* at 7. At 10:28 PM, Hain stated that he had not filed the letter and "need[ed Semel] to tell me definitively whether [Defendants] still maintain that they did not notice the subsidy deposits." *Id.* Semel responded the next morning that he "believe[d Defendants] will testify that they did not notice or see the deposits," but that he did not believe that was the relevant legal standard. *Id.* at 6. Hain replied that if "Defendants still want to keep the issue of whether they noticed the payments live, then this discovery dispute is live," and "reject[ed Semel's] changes to the letter, removing the word 'noticed'." *Id.* at 5. He asked if Semel would accept that portion of the letter as Hain had written it, or if the parties would "need to each make [their] own separate statements." *Id.* Semel responded with a single word, "separate." *Id.* Hain asked Semel to add a paragraph stating Defendants' position, and to edit the portion Hain had written to make clear that it was Relator's position. *Id.* at 4.

At 11:16 AM on October 25, 2024, Semel responded: "Filing separately." *Id.* at 4. At 1:32 PM, Semel filed the "Joint Discovery Letter Brief" on Hain's letterhead, without the phrase "Defendants contend that they did not notice the subsidy payments" in the joint facts section. ECF No. 47 at 1; *cf.* ECF No. 48 at 1.

### III.  LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure requires that all submissions to the Court must be accurate to the best of the filing attorney's knowledge:

> By presenting to the court a pleading, written motion, or other

3

paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

[. . .]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," including through an order to show cause issued on the Court's own initiative. Fed. R. Civ. P. 11(c)(1), (2).

Civil Local Rule 11-6(e) provides that judges of this Court may refer attorneys to the Standing Committee on Professional Conduct for engaging in unprofessional conduct. At least one Order from this district has treated misrepresenting separate filings as a joint filings (there, by captioning them as "stipulations") as potential grounds for sua sponte referral to the Standing Committee under Local Rule 11-6, even where the filing did not include opposing counsel's signature. *Ocampo v. Berryhill*, No. 18-cv-04313-JCS, ECF No. 20 (N.D. Cal. Feb. 20, 2019).

Section F.5 of the Standing Order for Magistrate Judge Lisa J. Cisneros addresses submission of discovery disputes to this Court, and provides that "[i]n the rare instance that a joint letter is not possible, each side may submit a letter *not to exceed two pages*, which *shall include an explanation of why a joint letter was not possible*." (Emphasis added.) In appropriate circumstances, district courts may impose sanctions for willful violation of court orders under their inherent authority or their contempt power. *See Carranza v. Jeffery*, No. 23-55180, 2024 WL 837047, at *2 (9th Cir. Feb. 28, 2024) (addressing contempt); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (addressing inherent authority).

**IV.     ORDER TO SHOW CAUSE**

Rule 11 recognizes that attorneys' candor to the Court is critical to the judicial process. In few contexts is that more true than joint filings. Such filings allow the Court to resolve a dispute quickly, without waiting for a response from an opposing party. If a purportedly "joint" letter was

4

1   not actually approved by all parties, however, the Court risks issuing an erroneous ruling based on
2   the mistaken belief that facts are undisputed or an argument has not been raised.

3         The disputed content of the letter at issue is not particularly significant.  A previous status
4   report had already put the Court on notice that that Relator believed the transaction and account
5   values were relevant to the issue of whether Defendants noticed the subsidy payments, and even
6   the version of the "joint" letter filed by Semel included arguments to that effect in the portion
7   setting forth Relator's arguments.  ECF No. 47 at 2 (arguing that larger transactions "would make
8   it more reasonable to [sic] Defendants to not notice the relatively smaller deposits from the
9   Housing Authority," and that smaller transactions "may tend to show that it would have been less
10  reasonable for Defendants not to notice the subject payments").  In other words, the text that
11  Semel deleted was redundant to other content in the letter.  Text that he added merely represented
12  his own clients' position.

13        The fact remains, however, that the dispute concerned a portion of the letter not attributed
14  to either party (and thus presumably approved by both parties), Relator's counsel Hain specifically
15  rejected filing the letter in this form and asked to review any further changes before filing, Semel
16  specifically represented to Hain that he was "[f]iling separately," and Semel then nevertheless
17  filed the letter that Hain had rejected as a "Joint Discovery Letter Brief" on Hain's letterhead and
18  with Hain's name in the signature area.  ECF No. 48 at 4–5; *see generally* ECF No. 47.  In
19  principle, that sort of misrepresentation undermines the judicial process and warrants a response.

20        If Semel intended that the Court would understand this as a separate filing—consistent
21  with his representation to Hain that he would file separately—he provided very few clues.  Hain's
22  signature is missing above his name, ECF No. 47 at 3, but a reader might easily overlook that
23  detail or presume that the (intended) signatories had overlooked it.  The docket text indicates that
24  it was filed by Defendant Christine Nian Louie, but it would be accurate to say that Defendants
25  *filed* the letter even if it was submitted on behalf of all parties, and semi-automatic docket text is
26  usually a less reliable indicator of parties' intent than the content of the actual document they have
27  filed.  On the other side of scale, as noted above, this document: (1) bore Hain's letterhead, *id.* at
28  1; (2) was captioned as "Joint Discovery Letter Brief," *id.*; (3) specifically represented that Relator


and Defendants "jointly submit this letter brief," *id.*; (4) included arguments on behalf of Relator, *id.* at 2; (5) represented that "the parties respectfully request" the Court's intervention, *id.* at 3; and (6) included Hain's name and role in the case in the signature area at the end of the letter, *id.* The letter also failed to comply with this Court's Standing Order's rules for a separate discovery submission, which are intended to inform the Court of both the fact of and reasons for a separate submission.

The letter's misrepresentation that the parties "jointly submit[ted]" it—if not also its caption as a joint letter, use of Hain's letterhead and (unsigned) signature block, and general presentation—appears to violate Rule 11(b)(3)'s requirement that "factual contentions have evidentiary support." That misrepresentation, in sharp contrast to the parties' direct communications indicating that Hain did not consent to its filing and Semel would file separately, may also constitute "unprofessional conduct" supporting a referral to the Standing Committee on Professional Conduct, *see* Civ. L.R. 11-6(a), (e), and could violate the California Rules of Professional Conduct as well. The letter's length and failure to address the reasons for a separate submission also appear to violate this Court's Standing Order.

Semel is therefore ORDERED TO SHOW CAUSE why the Court should not issue sanctions, potentially including a monetary payment of no more than $1,000 to the Court and referral to the Standing Committee on Professional Conduct. Counsel for both parties are ORDERED to appear in Courtroom G at 10:30 AM on November 5, 2024 for hearing on this Order to Show Cause and on the underlying discovery dispute. Any party may—but is not required to—file a response to this Order no later than November 4, 2024. In the interest of not expending further resources on this issue, however, the Court will not begrudge any party's choice to forego that filing and to rely instead on oral argument at the November 5 hearing.

//
//
//
//
//

## V. CONCLUSION

For the reasons discussed above, defense counsel David Semel is ORDERED TO SHOW CAUSE why sanctions should not issue, and counsel for both parties are ORDERED to appear for an in-person hearing at 10:30 AM on November 5, 2024.

**IT IS SO ORDERED.**

Dated: October 30, 2024

LISA J. CISNEROS
United States Magistrate Judge